UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23725-Civ-SCOLA/TORRES

ERIKA TEJEDA,

    Plaintiff,

v.

SWIRE PROPERTIES, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR BILL OF COSTS**

This matter is before the Court on Swire Properties, Inc.'s ("Defendant") motion for bill of costs against Erika Tejeda ("Plaintiff"). [D.E. 50]. Plaintiff responded to Defendant's motion on December 11, 2019 [D.E. 54] to which Defendant did not reply and the time to do so has now passed. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, and for the reasons discussed below, Defendant's motion should be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Defendant is a property developer, which owns and operates mixed-use, principally commercial properties in South Florida. Defendant's headquarters are in Hong Kong. Plaintiff began working at Defendant's place of business as a temporary receptionist and in April 1996 was offered a permanent position as

1

Defendant's then-president Stephen Owens's ("Mr. Owens") secretary. Plaintiff was also assigned certain human resources duties and was named assistant office manager. Plaintiff's human resources duties were supervised by Swire's human resources manager at the time, Beverly McMain ("Mrs. McMain"). From the time Plaintiff began working at Swire, in 1996, until she was terminated, in 2017, the company's Miami office grew from 24 employees to approximately 120. Mr. Owens considered Plaintiff to be a valuable employee.

Mr. Owens retired as president in December 2016 and Mrs. McMain retired in February 2017. Kieran Bowers succeeded Mr. Owens as president, in Miami, upon Owens's retirement. Defendant also hired Catterina Calderon ("Mrs. Calderon") as McMain's replacement. According to Alexa Macmullen, an accountant at Swire, Calderon "came in and changed everything." [D.E. 34-2]. This included changing Plaintiff's title to "Human Resource Generalist" and raising Plaintiff's annual salary by $5,000.

Almost immediately, however, conflict arose between Mrs. Calderon and Plaintiff as well as other Swire employees. For example, Mrs. Calderon complained about the way Plaintiff dressed, wore her hair, and painted her fingernails blue. Then, in late July or early August 2017, Mrs. Calderon noted a number of what she perceived as Plaintiff's performance deficiencies in a written performance improvement plan. In the plan, Mrs. Calderon complained of Plaintiff's shortcomings with respect to her attention to details, ownership of general responsibilities, and meeting deadlines. Plaintiff says the evaluation was largely

invalid and that, though she signed it, she disagreed with it. On the other hand, Plaintiff also concedes that at least some of the identified deficiencies had merit. In particular, Plaintiff admits that she submitted payroll without first getting the proper approvals as she had been instructed to do.

A few weeks later, in late August, Mrs. Calderon gave Plaintiff a second disciplinary notice, identifying additional performance issues. Although Plaintiff concedes that some of the errors complained of in the notice happened, she blames a malfunctioning website for one of them. On the other hand, Plaintiff admits that she failed to provide Defendant's accounting department with certain disability insurance billing documents when she was scheduled to do so.

Finally, on September 15, 2017, Plaintiff received, by email, a letter from an attorney representing Ashley Alba ("Mrs. Alba"), a former Swire employee. The letter set forth Mrs. Alba's complaint that she was required to report to a low-level employee rather than, as she had been promised, then-vice president Efren Ales. Mrs. Alba also alleged that male employees had made inappropriate comments to her, necessitating the intervention of her boss. The parties dispute whether Mrs. Calderon told Plaintiff not to share the email with anyone, particularly Ales. And the parties also dispute whether the letter should have properly been considered confidential. There is no dispute, however that Mrs. Calderon did not want Plaintiff to share the email with Ales. There is also no dispute that once Mrs. Calderon found out Plaintiff had forwarded the letter to Ales, Mrs. Calderon immediately initiated the process of terminating Plaintiff. While Plaintiff insists that Mrs. Calderon was

3

using the letter-forwarding incident to set her up for termination, she does not dispute that Mrs. Calderon took steps to fire her well before she actually requested leave.

To be sure, the parties do not dispute that the decision to terminate Plaintiff was formalized in a termination notice, drafted by Swire's corporate counsel, Stephen Binhak, late on September 20, a Wednesday. Plaintiff was out sick that day but returned to work on the 21st and 22nd. Despite being at work on that Thursday and Friday, however, she was not told of the termination on either of those days. Plaintiff was then out the following Monday and Tuesday (the 25th and 26th). Late that Tuesday night, though, on the 26th at 10:00 pm, Plaintiff emailed Mrs. Calderon to say that she would be taking leave, under the Family Medical Leave Act ("FMLA"), to care for her mother. The following morning, on the 27th, Mrs. Calderon met with Plaintiff and asked her if she had forwarded any confidential information to Swire's management team. When Plaintiff answered, "No," Mrs. Calderon told her that Plaintiff had broken Mrs. Calderon's trust and fired her. Plaintiff maintains the letter was not confidential and that she had no reason to know that Calderon considered it confidential.

On November 6, 2019, the Court entered summary judgment for Defendant as to Plaintiff's FMLA claim. [D.E. 45]. The Court did not rule on Plaintiff's allegations for Defendant's violation of Florida's Civil Rights Act. Instead, having disposed of the federal cause of action, the Court declined to exercise jurisdiction and remanded the state law claim to Florida state court where it originated.

Because Defendant prevailed on Plaintiff's FMLA claim, Defendant argues that it is the prevailing party and that Plaintiff is liable for costs under 28 U.S.C. § 1920. Apart from challenging the amount of costs requested, Plaintiff opposes the motion principally on the ground that Defendant is not yet the prevailing party in the action given the remand of the state claims. Plaintiff also argues that costs should not be awarded as a matter of discretion, given that the issues were close and difficult and it would be unfair to require Plaintiff to pay for Defendant's costs.

## II.   APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.[1] A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The

---

[1] The following costs are permitted under 28 U.S.C. § 1920:
   (1)   Fees of the clerk and marshal;
   (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3)   Fees and disbursements for printing and witnesses;
   (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5)   Docket fees under section 1923 of this title;
   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III. ANALYSIS

#### A. *Entitlement to Costs*

Turning first to the question of whether any costs are awardable at all, it is well settled that entry of judgment in favor of one party is sufficient to make that party the "prevailing party" for purposes of Rule 54(d), even if other claims are remanded to state court. Under this Rule, the prevailing party is "usually the litigant in whose favor judgment is rendered," and a full award of costs is appropriate even if a party did not prevail on all issues and "obtain[ed] judgment on even a fraction of the claims advanced." *Head v. Medford,* 62 F.3d 351, 354-55 (11th Cir. 2008) (quoting *United States v. Mitchell,* 580 F.2d 789, 793-94 (5th Cir. 1978)). As a

consequence, an award of costs in favor of a prevailing party on a federal claim, even if state claims are remanded, is fully appropriate under Rule 54 as *Head* ratified:

> There is no question but that the district court rendered a judgment in defendants' favor by granting their motion for summary judgment on plaintiff's federal claims although practically that apparently constituted only a small part of plaintiff's claims. That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed. Thus, defendants were the prevailing party in the district court for purposes of Rule 54(d) and are entitled to their costs unless the district court has some special reason to deny the costs.

*Id. See also Loggerhead Turtle v. Cnty. Council of Volusia Cnty.,* Fla., 307 F.3d 1318, 1322 n.4 (11th Cir. 2002) ("Absent a contrary legislative directive, a 'prevailing party' is one who prevails on 'any significant issue' and thereby achieves some of the benefits sought by bringing suit." (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92 (1989)); *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd.,* 254 F.3d 987, 1012 (11th Cir. 2001) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d). . . ."); *Leonard v. The Momentum Grp., Inc.,* 2016 WL 4506799, at *5 (N.D. Ga. June 13, 2016) ("It is true that Defendants remain at risk of another suit on the same *set of claims*, but not on the *same claims* that were dismissed with prejudice. This distinction is material. The federal claims that the Court dismissed with prejudice are distinct and independent from the claims still pending in state court. Thus, awarding costs based on the federal claims does not interfere with the potential judgment Plaintiff could obtain against Defendants.") (emphasis

7

in original) (awarding taxable costs to prevailing defendant on federal claims, even though related state claims remanded).

Accordingly, Plaintiff's lead argument in opposition to an award of any costs under Rule 54 fails. The federal action has now been closed with entry of judgment in favor of Defendant on the federal claim asserted in the case. Defendant is, therefore, for Rule 54 purposes the prevailing party in this action. If Plaintiff prevails in the state court action (if any) then Plaintiff can certainly seek recovery of her costs in doing so at that time.

Plaintiff's other arguments in opposition to any award of costs also lack merit. The Court need not find that Plaintiff's claim was pressed in bad faith to award taxable costs under section 1920. Prevailing party status is sufficient, as explained above. Moreover, the financial hardship that Plaintiff may suffer is also not a persuasive basis to reject to the presumption in favor of taxable costs. *See Chapman v. AI Transport,* 229 F.3d at 1039 ("a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)"); *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190-91 (10th Cir. 2004) (affirming district court's rejection of party's indigency as possible justification to deny costs). Absent an extraordinary showing, which was not made here, the presumption in favor of Rule 54 costs should be enforced.

### B. *Amount of Costs Awardable under Section 1920*

Turning next to the calculation of the amount of costs to award, Defendant seeks to recover its reasonable costs under 28 U.S.C. § 1920, including $400 for clerk

costs, $3,741.76 for transcripts, and $1,775 for witnesses. Defendant has not fully satisfied, however, all the prerequisites for an award of these costs. Pursuant to Local Rule 7.3, "[p]rior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D. Fla. L.R. 7.1(a)(3) in a good faith effort to resolve the items of costs being sought." S.D. Fla. L.R. 7.3(c). The Rule also provides the following additional requirements:

> An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above. The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages. The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs with the Court.

*Id.* In sum, Rule 7.3 sets forth six requirements in filing a motion for bill of costs: (1) form AO 133, (2) limited to 28 U.S.C. § 1920, (3) moved for as provided by Local Rule 7.3(a), (4) attached documentation, (5) supporting memorandum, (6) and tolling or extending. *Id.*

Here, Defendant filed a bill of costs on form AO 133 [D.E. 50] and provided documentation in support thereof. But, Defendant failed to include a supporting memorandum. *See Lopez v. Triangle Fire, Inc.*, 2017 WL 5706000, at *4 (S.D. Fla. Aug. 2, 2017) ("Defendants' Itemization of Bill of Costs hardly constitutes a supporting memorandum."). Because there is no supporting memorandum as required under the Local Rules, Defendant's motion for bill of costs could be denied in

9

toto. *See MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 2018 WL 5098974, at *2 (S.D. Fla. Sept. 27, 2018) (denying motion for costs "[b]ecause there is no supporting memorandum as required under the Local Rules") (citing *Estrada v. Alexim Trading Corp.*, 2012 WL 4449470, at *15 (S.D. Fla. Sept. 26, 2012) ("Local Rule 7.3(a) requires that costs taxable under 28 U.S.C. § 1920 shall be sought by a party filing a bill of costs in a specific form, or in a substantially similar form, *along with a supporting memorandum*, and Plaintiff has failed to do so.") (emphasis added)).

Defendant's failure to include a supporting memorandum leads to a related deficiency under Local Rule 7.1 because Defendant failed to certify that it conferred with Plaintiff before filing its motion for bill of costs:

> (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

S.D. Fla. L.R. 7.1(a)(3). Because Defendant failed to include the required certification, the motion can also be denied on this basis as well.

Moreover, Defendant did not cure these deficiencies in its reply memorandum, that did not address at all why the calculations included in the bill of costs were correct, or why compliance with the Rule was not possible. Instead, the reply focused on the entitlement issue even though the Rule requires more.

10

Rather than striking all the costs requested, however, we will reduce the amount based on each specific challenge raised in Plaintiff's opposition, as well as our independent review of the billing and cost records that were attached to the Bill of Costs. Plaintiff takes no issue with the court clerk fee requested, but challenges the amount of transcription costs relating to videographer services. We agree that this amount must be reduced on that basis. And given the failure to fully comply with Local Rule 7.3 which would have set forth the necessity for the depositions taken in the first place, we find that a 50 percent reduction is appropriate from the $3,741.76 requested.

As to witness fees included in the Bill of Costs, Plaintiff's opposition is also well taken as the entire amount of expert fees included in the motion cannot be awarded. Only $40.00 per day attendance fees can be reimbursed under section 1920 as the statute limits the amount a prevailing party may recover for expert witnesses. *See Cronin v. Washington Nat. Ins. Co.*, 980 F.3d 663, 672 (11th Cir. 1993) ("[I]t is settled that expert witness fees may not exceed the statutory per diem provided in 28 U.S.C. § 1821."); *Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010); *Tillman v. Advanced Public Safety, Inc.*, 2018 WL 5768570, at *12 (S.D. Fla. Nov. 2, 2018) ("Expert witness fees are not recoverable as costs under Section 1920 in excess of the statutory allowable witness **fee** of $40 per day.") (citation omitted); *Rosa v. City of Fort Myers*, 2008 WL 1776458, at *2 (M.D. Fla. Apr. 18, 2008) ("Under 28 U.S.C. § 1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee per day plus

11

travel expenses. *This $40.00 is a maximum amount per witness, including expert witnesses.*") (emphasis added).

Therefore, this witness fee cost must be reduced to a maximum of $80.00. Together with the clerk fee and half the deposition costs, the total amount that should be awarded on this Bill of Costs is $2,830.88.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion for costs [D.E. 42] be **GRANTED in part** and **DENIED in part**. A cost judgment in the amount of $2,830.88 should be entered in favor of Defendant.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 26th day of December, 2019.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge